# EXHIBIT A

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Central District of Illinois

| Richard M. Smego | ) |
|---|---|
| *Plaintiff* | ) |
| v. | ) Civil Action No. 3:08-cv-03142-SEM-TSH |
| Dr. Jacqueline Mitchell | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:     ADDUS HEALTHCARE, INC. (C/O ITS REGISTERED AGENT, ILLINOIS CORPORATION SERVICE, 801 ADLAI STEVENSON DR., SPRINGFIELD, ILLINOIS)

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

\*\*\* SEE ATTACHED RIDER \*\*\*

| Place: | Schiff Hardin LLP, 6600 Sears Tower, Chicago, IL (which is within 100 miles of where Addus HealthCare Inc. regularly transacts business in person) | Date and Time: 09/30/2014 2:00 pm |
|---|---|---|

The deposition will be recorded by this method:   audio, audiovisual, and/or stenographic means

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

\*\*\* SEE ATTACHED RIDER \*\*\*

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 09/16/2014

*CLERK OF COURT*

OR

_____      _____
Signature of Clerk or Deputy Clerk         *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
Plaintiff Richard Smego _____, who issues or requests this subpoena, are:
SCHIFF HARDIN LLP, Matthew Crowl, Ann MacDonald, Brian Watson, 233 S. Wacker Dr. Suite 6600, Chicago, Illinois
312.258.5500 | 312.258.5600 (f) | mcrowl@schiffhardin.com, amacdonald@schiffhardin.com, bwatson@schiffhardin.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 3:08-cv-03142-SEM-TSH

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ 96.00 .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

## AFFIDAVIT OF SPECIAL PROCESS SERVER

UNITED STATES DISTRICT COURT
FOR THE
CENTRAL DISTRICT OF ILLINOIS
CASE NO.: 3:08-CV-03142-SEM-TSH

_John J Pennell_, being first duly sworn on oath deposes and states that he/she is not a party to and has no interest in this matter and that he/she attempted service of the following: **Subpoena; Witness & Mileage Fee: $96.00** to **Addus Healthcare, Inc., c/o Illinois Corporation Service Company** located at **801 Adlai Stevenson Drive, Springfield, IL 62703** resulting in:

**X** Authorized service to an individual of the company willing and able to accept on behalf of the subject/respondent/witness on the 17th day of Sept, 2014 at 10:40 A.M.
Name: LaShawn Devos  Title: Authorized Agent

____ Non-Service for the following reasons with the DATE and TIME of each attempt listed:

A description of the person with whom the documents were left is as follows:

| | | | |
|---|---|---|---|
| Sex: | Female | Hair Color/Style: | BLN |
| Race: | White | Height (approx.): | 5'4" |
| Age (approx.) | 40 | Weight (approx.): | 140 lbs |

Notable Features/Notes: ____

Signed and Sworn to before me
This 17 day of September, 2014.

Rachel Pennell
Notary Public

Served By: [signature] PT

Title

**OFFICIAL SEAL**
**RACHEL PENNELL**
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 10-04-2016

14-09342

Service was completed by an independent contractor retained by It's Your Serve, Inc.

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

SUBPOENA RIDER
ADDUS HEALTHCARE, INC.
Civil Action No. 3:08-cv-03142-SEM-TSH

PLEASE DESIGNATE ONE OR MORE OFFICERS, DIRECTORS, OR MANAGING AGENTS, OR DESIGNATE OTHER PERSONS TO TESTIFY ON YOUR BEHALF ABOUT THE FOLLOWING MATTERS:

1. The origin, authenticity, and business records status of any records produced in response to this subpoena and rider.

2. The dental treatment of Richard Smego (DOB ▉/1966).

3. The dental supplies and equipment at the Illinois Department of Human Services Treatment and Detention Facility in Rushville, Illinois.

PLEASE PRODUCE RECORDS, IN WHATEVER FORM MAINTAINED, RELATED TO THE FOLLOWING:

1. Any contracts between Jacqueline Mitchell and Addus Healthcare, Inc. effective any time between December 1, 2005 and the present.

2. Any contracts between J.J. Mitchell Dental Group, Ltd. and Addus Healthcare, Inc. effective any time between December 1, 2005 and the present.

3. Any time clock, "clock in," "clock out," missed punch, or time punch records that relate to Jacqueline Mitchell between December 1, 2005 and the present.

4. Any medical records (including, but not limited to, dental records, requests for dental treatment, x-rays, dental charting) that relate to Richard Smego between December 1, 2005 and the present.

- 1 -

5. Any patient logs submitted by Jacqueline Mitchell that relate to Richard Smego between December 1, 2005 and the present.

6. Any requests submitted by Jacqueline Mitchell for referrals to off-site providers for services between December 1, 2005 and the present.

7. Any consultation request forms submitted by Jacqueline Mitchell between December 1, 2005 and the present.

8. Any CMS 1500 forms submitted by Jacqueline Mitchell that relate to Richard Smego between December 1, 2005 and the present.

9. Any service logs submitted by Jacqueline Mitchell that relate to Richard Smego between December 1, 2005 and the present.

10. Any health care service contracts (including, but not limited to, dental services), effective any time between December 1, 2005 and the present, between Addus Healthcare, Inc. and the Illinois Department of Human Services that relate to the Illinois Department of Human Services Treatment and Detention Facility in Rushville, Illinois.

11. Any Utilization Review Policies effective any time between December 1, 2005 and the present

12. Any dental policies, procedures, protocols, standards, and/or directives, effective any time between December 1, 2005 and the present, that relate to the Illinois Department of Human Services Treatment and Detention Facility in Rushville, Illinois.

13. Any contracts between any vendors and Addus Healthcare, Inc., effective any time between December 1, 2005 and the present, for the provision of dental supplies or equipment at the Illinois Department of Human Services Treatment and Detention Facility in Rushville, Illinois.

14. Any orders for dental supplies or equipment between December 1, 2005 and the present to the Illinois Department of Human Services Treatment and Detention Facility in Rushville, Illinois.

15. Any orders for dental equipment repair between December 1, 2005 and the present at the Illinois Department of Human Services Treatment and Detention Facility in Rushville, Illinois.

16. Any records for maintaining the inventory of dental supplies between December 1, 2005 and the present at the Illinois Department of Human Services Treatment and Detention Facility in Rushville, Illinois.

17. Any document retention and destruction policies and procedures of Addus Healthcare, Inc., effective any time between December 1, 2005 and the present, including steps taken to preserve, search for, gather, and produce records in response to this subpoena and rider.

## HIPAA ADVISORY

The subpoena and rider were issued by the attorneys for Richard Smego and were served on the attorneys for Jacqueline Mitchell and include sufficient information about the litigation in which the information is requested to permit any necessary objection to be made. To the extent that Addus Healthcare, Inc. objects to the subpoena and rider on HIPAA grounds, Addus Healthcare, Inc. is requested to produce the responsive records with any personally identifiable information redacted.

46217-0000

CH2\15348700.1